**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EVERGREEN USA LLC, | Civil Action No. |
| Plaintiff, | Civil Action |
| v. | **COMPLAINT WITH JURY DEMAND** |
| AYC NATURALS LLC, | |
| Defendant. | |

Plaintiff, Evergreen USA LLC ("Evergreen"), hereby submits this Complaint against Defendant, AYC Naturals LLC ("AYC"), and alleges as follows:

## INTRODUCTION

1. This is an action for trademark infringement, trade dress infringement, and federal and common law unfair competition arising from AYC's unauthorized use of Evergreen's trademarks and trade dress with the single purpose of usurping the goodwill associated with Evergreen's popular JUST THE FUN PART brand.

## THE PARTIES

2. Evergreen is a limited liability company organized and existing under the laws of the State of New Jersey, having a place of business at 380 Mountain Road, Unit 206, Union City, New Jersey. Evergreen is the owner of the JUST THE FUN PART brand and all associated intellectual property, as discussed further below.

3. Upon information and belief, AYC is a limited liability company organized and existing under the laws of the State of New York, having a place of business at 16 East 34th Street, New York, New York.

**JURISDICTION AND VENUE**

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1121 as this action involves allegations of trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, unfair competition, and related claims arising out of the same operative facts. This Court has subject matter jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

5. Upon information and belief, AYC markets and sells goods, including the goods at issue in this Complaint, throughout the United States, including within the State of New Jersey and this judicial district.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

*Evergreen and the JUST THE FUN PART Brand and Trademarks*

8. Evergreen is a New Jersey-based importer, seller, and wholesaler of premium specialty food and beverages. Evergreen is the current owner of numerous well-known brands, including BEEZ BOUNTY, GREENIST, HARRIS & TATE, LITALY, MEDITERRANEA PALOMA, PAMAZING, and VITALIA, among others.

9. Since its founding by Turkish immigrants over 18 years ago, Evergreen has committed itself to developing, marketing, and selling the highest quality food and beverage products with ingredients sourced from around the world. Evergreen's efforts have paid off, and

Evergreen is now widely recognized in New Jersey and around the world for its high-quality food and beverage products.

10. In or about October 2021, Evergreen launched its latest brand, JUST THE FUN PART, to be used in connection with the marketing and sale of snack foods, namely bite-sized waffle cones filled with Belgian chocolate.

11. Since its introduction in or about October 2021, Evergreen has worked tirelessly to grow the JUST THE FUN PART brand, reputation, and goodwill. In connection with same, Evergreen has spent significant resources on marketing, including traditional marketing and attendance at numerous specialty food tradeshows. As with its other brands, Evergreen's hard work paid off, and the reputation and goodwill associated with the JUST THE FUN PART brand continues to rise.

12. JUST THE FUN PART brand products are presently available throughout the world, with sales in the United States, Canada, Germany, Israel, Italy, Japan, Mexico, South Korea, the United Kingdom, and the Caribbean Islands.

13. The JUST THE FUN PART word mark was registered with the United States Patent and Trademark Office ("USPTO") on March 8, 2022. A copy of the registration certificate for the JUST THE FUN PART word mark is attached hereto as **Exhibit A**.

14. The JUST THE FUN PART design mark (together with the JUST THE FUN PART word mark, the "Evergreen Trademarks") was registered with the USPTO on April 12, 2022. A copy of the registration certificate for the JUST THE FUN PART design mark is attached hereto as **Exhibit B**.

15. Evergreen currently markets and sells JUST THE FUN PART products to both small and large retailers, including, without limitation, T.J. Maxx, Marshalls, HomeGoods, and

other retail outlets owned and operated by The TJX Companies, Inc. (together, "TJX"). Evergreen also markets and sells directly to consumers through online marketplaces such as Amazon.com.

16.     The success of the JUST THE FUN PART brand has also been driven, in large part, by the carefully cultivated trade dress of its snack food product, as displayed below:

 

17.     As is demonstrated by the foregoing images, the JUST THE FUN PART trade dress includes the use of the Evergreen Trademarks, a distinctive layout on the packaging, images of the bite-sized waffle cones standing alone and being broken from a larger ice cream cone, reference to the fact that the product is made in Turkey and filled with Belgian chocolate, and uniquely shaped, resealable package.

*AYC's Unlawful Conduct*

18.     In April 2023, Evergreen learned that AYC had begun using a confusingly similar trademark, JUST THE TIP!, and trade dress in connection with the marketing and sale of a competing bite-sized waffle cone snack product.

19.     In addition to the use of a confusingly similar name to market and sell an identical product, Evergreen discovered that AYC had begun using a confusingly similar trade dress, one that incorporates many components of the JUST THE FUN PART trade dress, as seen below:



20.     AYC incorporated many of the elements of the JUST THE FUN PART trade dress, including a similar layout on the packaging, images of the bite-sized waffle cones standing alone and being broken from a larger ice cream cone, reference to the fact that the product is made in Turkey and filled with Belgian chocolate, and a uniquely shaped, resealable package.

21.     Upon information and belief, AYC is marketing and selling its identical product to the exact same consumers, through the exact same trade channels, including TJX.

22.     Exacerbating the confusion, the products, which are identical, are a low-priced snack food subject to impulse buying, resulting in a lesser standard of purchasing care and a higher likelihood of consumer confusion.

23.     AYC's use of confusingly similar trademarks and trade dress has already resulted in multiple instances of consumer confusion, including multiple social media posts reflecting a presumed affiliation between the JUST THE FUN PART and JUST THE TIP! brands.  Equally

concerning, several social media posts reflect a presumption that Evergreen has pivoted brand names in favor of one with a sexual connotation.

24. AYC's use of JUST THE TIP! and Evergreen's distinct trade dress infringes Evergreen's rights and constitutes unfair competition. AYC's use is particularly troubling given AYC's awareness of the JUST THE FUN PART brand and products.

25. There can be no legitimate dispute that AYC is deliberatively copying and misappropriating Evergreen's intellectual property to capitalize on the popularity of the JUST THE FUN PART brand. AYC is engaging in unlawful conduct knowingly, willfully, and intentionally, or with at least reckless disregard for Evergreen's rights.

26. As a result of AYC's actionable conduct, Evergreen has already suffered a significant and cognizable loss of revenue in addition to irreparable reputational damage and damage to the goodwill associated with the JUST THE FUN PART brand.

*Evergreen's Efforts To Stop AYC's Unlawful Conduct*

27. On April 19, 2023, only days after first learning of AYC's conduct, Evergreen, though counsel, sent a letter to AYC advising AYC of its unlawful conduct and demanding, among other things, that AYC immediately cease its infringing, unlawful, and anti-competitive conduct. AYC did not respond to the letter.

28. On May 10, 2023, Evergreen, though counsel, sent a second letter once again advising AYC of its unlawful conduct and demanding that AYC cease and desist its unlawful conduct. That letter was also ignored.

29. On June 2, 2023, AYC filed an application for registration of the JUST THE TIP! word mark with the USPTO (U.S. Ser. No. 97084102) in connection with: "Cones for ice cream; Filled waffles; Ice cream; Snack foods, namely, chocolate-based snack foods; Waffle cones."

6

The application claims a first use date of "01/00/2023." Upon information and belief, AYC was not yet using the JUST THE TIP! name in connection with "chocolate-based snack foods" as of January 1, 2023, nor has AYC ever used the mark in connection with "cones for ice cream" or "ice cream."

30. Facing an adversary who refuses to even respond to multiple demand letters, and recognizing mounting losses and irreparable damage to its brand, Evergreen was left with no choice but to file this lawsuit and seek the legal and equitable relief requested herein.

## FIRST COUNT
### (Federal Trademark Infringement Under 15 U.S.C. § 1114)

31. Evergreen repeats and realleges the allegations contained in the preceding paragraphs as if stated fully herein.

32. The Evergreen Trademarks are valid and enforceable.

33. AYC uses a confusingly similar trademark to the Evergreen Trademarks in connection with identical goods as sold by Evergreen.

34. AYC's goods are provided through the exact same channels of trade to the same classes of consumers as those of Evergreen.

35. The identical products sold by Evergreen and AYC are subject to impulse buying, resulting in a lesser standard of purchasing care and a higher likelihood of confusion.

36. AYC's use of the JUST THE TIP! name is likely to cause, and has caused, consumer confusion and is deceptive. Indeed, the use is likely to cause, and has caused, confusion as to the origin of, affiliation, connection, or association with the JUST THE FUN PART brand and/or as to the origin, sponsorship, or approval of AYC's product.

37. AYC's aforesaid conduct constitutes infringement of the federally registered Evergreen Trademarks under 15 U.S.C. § 1114.

38. Upon information and belief, AYC's conduct, including continuing infringement with knowledge of the Evergreen Trademarks and Evergreen's rights, constitutes willful and malicious infringement of Evergreen's trademark rights.

39. AYC's conduct, as aforesaid, has caused, and continues to cause, both ascertainable and unquantifiable damages to Evergreen including, without limitation, damage to Evergreen's business, its business reputation, and its business relations.

40. As there is no adequate remedy at law for this wrong, Evergreen is entitled to a permanent injunction restraining and enjoining AYC and its agents, servants, employees, attorneys, and all persons acting in concert with it from using the JUST THE TIP! mark or any colorable imitation of same.

## SECOND COUNT
## (Trade Dress Infringement)

41. Evergreen repeats and realleges the allegations contained in the preceding paragraphs as if stated fully herein.

42. The JUST THE FUN PART trade dress is nonfunctional, fanciful, arbitrary, distinctive, and uniquely and exclusively associated with the JUST THE FUN PART brand.

43. As a result of the continuous use of the JUST THE FUN PART trade dress in connection with the marketing and sale of bite-sized waffle cone snacks, the trade dress has acquired secondary meaning in the minds of consumers.

44. AYC's use of the trade dress in connection with identical products gives the false impression to consumers, many of whom purchase on impulse, that AYC is affiliated with or related to Evergreen and the JUST THE FUN PART brand, and is causing confusion, mistake, and deception among the trade and consumers.

45. AYC's use of the JUST THE FUN PART trade dress constitutes false designations of origin, false descriptions or representations, and falsely describes and/or represents AYC's products as part of, approved by, or affiliated with Evergreen and the JUST THE FUN PART brand.

46. AYC is deliberately engaged in this conduct with knowledge of the falsity of the designations of origin, descriptions, and representations, yet continues to offer the products for sale to consumers. This use is likely to cause, and has caused, consumer confusion, mistake, and is deceptive.

47. AYC has caused these confusing and deceptive products to be transported, used, and/or advertised in interstate commerce in violation of 15 U.S.C. § 1125.

48. As a result of AYC's conduct, Evergreen has been, and will continue to be, irreparably damaged insofar as the use will cause and is likely to cause confusion in consumers and will impair and/or destroy the value of the JUST THE FUN PART brand and its goodwill, resulting in loss and injury to Evergreen.

## THIRD COUNT
### (Federal Unfair Competition Under 15 U.S.C. § 1125(a))

49. Evergreen repeats and realleges the allegations contained in the preceding paragraphs as if stated fully herein.

50. AYC's conduct in using confusing similar trademarks and trade dress in connection with the sale of identical products, as aforesaid, is likely to cause confusion, to cause mistake, and/or to deceive the public into mistakenly believing that: (a) AYC is a licensee, authorized distributor, or affiliate of Evergreen; (b) AYC and its activities are authorized, endorsed, sponsored, or approved by Evergreen; or (c) AYC and its activities originate with or are associated with Evergreen or vice versa.

51. AYC's conduct, as aforesaid, is likely to cause, and has caused, confusion and mistake, and deceive the consuming public into mistakenly believing that its product comes from the same source.

52. AYC's conduct, as aforesaid, has caused, and continues to cause, both ascertainable and unquantifiable damages to Evergreen including, without limitation, damage to Evergreen' business, its business reputation, and its business relations.

53. AYC's conduct, as aforesaid, was undertaken in violation of 11 U.S.C. § 1125(a) and has caused, and will continue to cause, irreparable injury to Evergreen unless enjoined by this Court.

## FOURTH COUNT
### (State Common Law Unfair Competition)

54. Evergreen repeats and realleges the allegations contained in the preceding paragraphs as if stated fully herein.

55. AYC's conduct, as aforesaid, constitutes unfair competition under the common law of the State of New Jersey.

56. AYC's conduct, as aforesaid, constitutes a pattern of intentional and willful unfair competition.

57. AYC's conduct, as aforesaid, has caused, and is continuing to cause, both ascertainable and unquantifiable damages to Evergreen including, without limitation, damages to Evergreen' business, business reputation, and business relations.

## FIFTH COUNT
### (Unfair Competition – N.J.S.A. §§ 56:4-1 & -2)

58. Evergreen repeats and realleges the allegations contained in the preceding paragraphs as if stated fully herein.

59. Pursuant to N.J.S.A. § 56:4-1, "[n]o merchant, firm or corporation shall appropriate for his or their own use a name, brand, trade-mark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals."

60. Pursuant to N.J.S.A. § 56:4-2, "[a]ny person, firm or corporation violating any of the provisions of section 56:4-1 … shall be liable, at the suit of the maker of such branded or trade-marked products, or any other injured person, to an injunction against such practices, and shall be liable in such suit for all damages, directly or indirectly caused, to the maker by such practices, which damages may be trebled in the discretion of the court."

61. AYC's conduct, as aforesaid, constitutes the misappropriation and tortious exploitation of the Evergreen Trademarks, and the reputation, and/or goodwill associated with the JUST THE FUN PART brand.

62. Accordingly, AYC has intentionally, willfully, or otherwise violated N.J.S.A. § 56:4-1 in a manner harmful to Evergreen, making it liable for all monetary and non-monetary damages set forth in N.J.S.A. § 56:4-2.

63. AYC's misappropriation and tortious exploitation of the Evergreen Trademarks, and the reputation and/or goodwill associated with the JUST THE FUN PART brand, as aforesaid, has caused, and is continuing to cause, both ascertainable and unquantifiable damages to Evergreen including, without limitation, damages to Evergreen's business, business reputation, and business relations.

## PRAYER FOR RELIEF

**WHEREFORE**, Evergreen respectfully requests relief from this Court as follows:

(A) An Order permanently enjoining and restraining AYC, and any and all of its respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on its behalf, from using the JUST

THE TIP! trademark, or any other marks that are confusingly similar to the Evergreen Trademarks or trade dress, for any purpose;

(B) An Order requiring AYC to destroy all products and/or inventory in its possession, custody, and/or control displaying or utilizing the JUST THE TIP! trademark, or any other marks that are confusingly similar to the Evergreen Trademarks or trade dress, including, without limitation, any inventory in the possession of third-party distributors;

(C) An Order requiring an accounting of AYC's sales and profits arising from its unlawful conduct;

(D) An award, pursuant to 15 U.S.C. § 1117(a) of: (i) all of AYC's profits arising from its unlawful conduct; and (ii) all damages sustained by Evergreen arising from AYC's unlawful conduct;

(E) All non-monetary and monetary damages, including, without limitation, treble damages, provided for under N.J.S.A. § 56:4-2;

(F) An award of pre- and post-judgment interest;

(G) An award of Evergreen's costs and reasonable attorneys' fees incurred in connection with this action, pursuant to 15 U.S.C. § 1117(a); and

(H) An award of such other and further relief as the Court may deem just and equitable under the circumstances.

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b) and L. CIV. R. 38.1, Evergreen hereby demands a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

The undersigned counsel for Evergreen hereby certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

**COLE SCHOTZ P.C.**
*Attorneys for Plaintiff, Evergreen USA LLC*

By: */s/ David S. Gold*
David S. Gold, Esq.
dgold@coleschotz.com
Elizabeth A. Carbone, Esq.
ecarbone@coleschotz.com
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Phone: (201) 489-3000

Dated: July 20, 2023

62876/0002-45739829

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# JUST THE FUN PART

**Reg. No. 6,666,945**

**Registered Mar. 08, 2022**

**Int. Cl.: 30**

**Trademark**

**Principal Register**

Evergreen USA LLC  (NEW JERSEY LIMITED LIABILITY COMPANY)
380 Mountain Road, Unit 206
Union City, NEW JERSEY 07087

CLASS 30: Filled waffles; Snack foods, namely, chocolate-based snack foods; Waffle cones

FIRST USE 10-4-2021; IN COMMERCE 10-4-2021

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 97-084,102, FILED 10-20-2021







Performing the Functions and Duties of the
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT B

# United States of America
### United States Patent and Trademark Office



**Reg. No. 6,703,117**  
**Registered Apr. 12, 2022**  
**Int. Cl.: 30**  
**Trademark**  
**Principal Register**

Evergreen USA LLC  (NEW JERSEY LIMITED LIABILITY COMPANY)  
380 Mountain Road, Unit 206  
Union City, NEW JERSEY 07087

CLASS 30: Waffle cones; Waffles; Filled waffles

FIRST USE 6-16-2021; IN COMMERCE 6-16-2021

The mark consists of the literal element of "JUST THE FUN PART" with a curved line under the literal element of "PART" imitating a smiling face.

SER. NO. 90-622,572, FILED 04-03-2021





Performing the Functions and Duties of the  
Under Secretary of Commerce for Intellectual Property and  
Director of the United States Patent and Trademark Office



> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.